■ CHIN SUNG YU et al., Appellants, v RIGGS NATIONAL BANK OF WASHINGTON, D.C., et al., Respondents, et al., Defendant. [670 NYS2d 187] —Judgment, Supreme Court, New York County (Ira Gammerman, J.), entered May 28, 1996, dismissing the complaint, and bringing up for review an order of said court and Justice, entered on or about September 25, 1995, which, *inter alia*, granted defendants-respondents' motions pursuant to CPLR 3211 to dismiss the complaint, unanimously affirmed, without costs.

We agree with the motion court that plaintiffs failed to set forth sufficient allegations to show a viable cause of action in either contract or tort (*see, Milliken & Co. v Consolidated Edison Co.*, 84 NY2d 469, 477-479), and that, in any event, defendants' compliance with the sheriff's levy precludes plaintiffs' claims. The garnishee's compliance with CPLR 5209 is a safe harbor that preempts the judgment debtor's common-law claim that the garnishee should have investigated the validity of the execution. Under CPLR 5232 (a), where, as here, the judgment creditor specifies the property to be levied upon, it is the creditor and not the garnishee who is liable for damages to the actual owner. CPLR 5232 (c) requires the sheriff, not the garnishee, to give notice. These provisions preempt plaintiffs' claims, which were based on a theory of common-law bailment. In view of the foregoing, we need not reach plaintiffs' other contentions. Concur—Rosenberger, J. P., Ellerin, Wallach and Saxe, JJ.